# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                        Case No. 21-30178
                            Hon. Anthony P. Patti

**MYKIA KING**,

    Defendant.

_____/

| | |
|---|---|
| **Alyse Wu**<br>United States Attorney's Office<br>Major Crimes Unit<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>313-226-9589<br>Email: alyse.wu@usdoj.gov | **John F. Royal (P27800)**<br>Attorney for Defendant<br>P. O. Box 393<br>Boyne City, MI 49712<br>(313) 962-3738<br>Email:  jfroyal2000@gmail.com |
| **John K. Neal**<br>United States Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>(313) 226-9644<br>Email: john.neal@usdoj.gov | **Kathy H. Murphy (P51422)**<br>Attorney for Defendant<br>P.O. Box 51164<br>Livonia, MI 48151<br>(734) 578-1887<br>Email: kathyhmurphy@gmail.com |

_____/

## MOTION FOR RECONSIDERATION OF COURT ORDER (Dkt. 19) REVOKING DEFENDANT'S BOND

## CERTIFICATE OF SERVICE

# MOTION FOR RECONSIDERATION OF COURT ORDER (Dkt. 19) REVOKING DEFENDANT'S BOND

NOW COMES the Defendant, MYKIA KING ("Ms. King"), by and through her attorneys, JOHN F. ROYAL and KATHY H. MURPHY, and moves this Honorable Court pursuant to L.R. 7.1 (h) to Reconsider its Opinion and Order (Dkt. 19) revoking her Bond, for the following reasons:

1. Ms. King, who has been charged with conspiracy to commit wire and mail fraud, was previously released on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142 et seq.

2. The Government moved for revocation of bond based on allegations that Ms. King violated the conditions of her release and violated state or federal criminal laws while on bond.

3. At a hearing on August 17, 2021, this Honorable Court found, pursuant 18 U.S.C. 3142 (b):

> ☒ probable cause to believe that Defendant has committed a Federal, State, or local crime while on release (if a felony, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community); **and**

> ☒ clear and convincing evidence that Defendant has violated any other condition of release, namely that she refrain from possessing any personally identifiable information of any other person and from filing any claims for unemployment benefits for herself or any other person. (ECF No. 11, PageID.39, ¶¶ x(ii) and x(iii)); **AND**

☒ based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community; and

☒ Defendant is unlikely to abide by any condition or combination of conditions of release.

4. At the time of the hearing, as an alternative to bond revocation, counsel for Ms. King proposed that Ms. King be placed on 24-hour house arrest with a GPS tether, and be required to remain in the home where she had resided, prior to being taken into custody, with her mother, sister, brother and cousin, all of whom have smart phones.

5. This Honorable Court felt that it would be impossible to ensure that Ms. King did not use a smart phone belonging to one of the other residents, and that the other residents would not consent to unannounced searches of the home. These were among the reasons the Court rejected the suggestion of defense counsel and granted the Government's motion to revoke Ms. King's bond.

6. After the revocation hearing, Ms. King's father, Michael Anthony King, came forward and informed defense counsel that, if the Court agreed to release Ms. King, she would be welcome to live in his home. Michael King lives in a single-family home in northwest Detroit, the address of which can be provided to the Court, the Pretrial Services Officer, and the Government. Mr. King resides in that home with his fiancée, Crystal Thompson, and their two small children, ages five and two.

7. Michael Anthony King, whose birthdate can be provided to the Court, the Pretrial Services Officer, and the Government, reported to counsel that he was convicted of a federal drug conspiracy offense in 1992 for which he served a five-year federal prison sentence. Ms. Thompson, upon information and belief, has no criminal history.

8. Mr. King and Ms. Thompson each possess a smart phone. Ms. Thompson also possesses a laptop computer for remote work which has been provided by her employer. She works part-time in the home and part-time at her office in the Children's Center Building in Detroit. There are no other devices in the home.

9. Mr. King and Ms. Thompson have agreed to set up restrictions to keep Ms. King from using either of their phones, and from using Ms. Thompson's laptop, during the time that Ms. King resides in their home.

10. Mr. King and Ms. Thompson have agreed to consent to unannounced searches of their home by Pretrial Services Officers during the time Ms. King lives there.

11. Reconsideration is warranted because the above new information demonstrates "a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled ...[and] correcting the defect will result in a different disposition of the case." L. R. 7.1(h)(3).

12. This Court should grant reconsideration and reverse its revocation of Ms. King's bond, and amend the conditions of her release to state that Ms. King must live in the home of Michael King and Crystal Thompson and remain there on 24-hour house arrest, to be monitored by a GPS tether.  Further, Ms. King is not to have access to any computers or smart phones while on bond to this Court.

13. The Government does not concur in this motion.

WHEREFORE, the movant, Mykia King, respectfully requests that this Honorable Court grant reconsideration; withdraw its Order in this matter (Dkt. 19), and then enter an Order reinstating Ms. King's bond with whatever bond conditions it deems appropriate.

Respectfully submitted,

s/John. F. Royal
**John F. Royal (P27800)**
P. O. Box 393
Boyne City, MI 49712
(313) 962-3738
Email:  jfroyal2000@gmail.com

s/Kathy H. Murphy
**Kathy H. Murphy (P51422)**
P.O. Box 51164
Livonia, MI 48151
(734) 578-1887
Email: kathyhmurphy@gmail.com

August 23, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
    Plaintiff,

vs.

Case No. 21-30178
Hon. Anthony P. Patti

**MYKIA KING**,
    Defendant.
_____/

| | |
|---|---|
| **Alyse Wu**<br>United States Attorney's Office<br>Major Crimes Unit<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>313-226-9589<br>Email: alyse.wu@usdoj.gov | **John F. Royal (P27800)**<br>Attorney for Defendant<br>P. O. Box 393<br>Boyne City, MI 49712<br>(313) 962-3738<br>Email: jfroyal2000@gmail.com |
| **John K. Neal**<br>United States Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>(313) 226-9644<br>Email: john.neal@usdoj.gov | **Kathy H. Murphy (P51422)**<br>Attorney for Defendant<br>P.O. Box 51164<br>Livonia, MI 48151<br>(734) 578-1887<br>Email: kathyhmurphy@gmail.com |

_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Alyse Wu and John K. Neal.

                                    Respectfully submitted,
                                    <u>s/ Kathy H. Murphy</u>
                                    Kathy H. Murphy
                                    Phone: (734) 578-1887
                                    Email: kathyhmurphy@gmail.com