UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                Criminal Case No. 21-20738
                                                Honorable Linda V. Parker

MYKIA KING,

        Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND [ECF NO. 34]

On January 18, 2022, Defendant Mykia King pleaded guilty pursuant to a Rule 11 Plea Agreement to wire fraud in violation of 18 U.S.C. § 1343 and aggravated identity theft in violation of 18 U.S.C. § 1028A. At the inception of this case, Defendant voluntarily surrendered herself and was released on a personal bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142 et seq. However, Magistrate Judge Anthony P. Patti subsequently revoked Defendant's bond on August 17, 2021. (ECF No. 19.)

Defendant now asks the Court for release on bond pending sentencing, which is currently scheduled for May 12, 2022. (ECF No. 34.) The Government filed a response to the motion. (ECF No. 36.) The Court also conducted a hearing on the motion on March 2, 2022. For the reasons set forth below, the Court denies Defendant's request.

## Background

On April 14, 2021, pursuant to a federal criminal complaint, an arrest warrant was issued for Defendant. (ECF No. 1.) Shortly thereafter, Defendant surrendered and made her initial appearance before Magistrate Judge Patti. Magistrate Judge Patti ordered a $10,000 personal bond and conditions of release for Defendant.

On August 9, 2021, the Court canceled Defendant's bond upon a petition from Pretrial Services. (ECF No. 14.) In its petition, Pretrial Services requested that the Court cancel bond after learning that Defendant was arrested by both the West Bloomfield Township and Farmington Hills Police Departments in Michigan. (*Id.*) Pretrial Services first alleges that Defendant was untruthful about a July 16, 2021, arrest by West Bloomfield Township police. Pretrial Services also alleges that on August 7, 2021, Defendant was arrested during a traffic stop and search, which revealed several credit cards, gift cards, and personal identification of another person in her possession. As a result, the Court held a bond hearing on August 17, 2021, and as previously mentioned, Magistrate Judge Patti issued an order revoking King's bond. (*See* ECF No. 19.) Defendant filed an amended motion for reconsideration of the bond decision, and the Government responded. (ECF Nos. 22, 23.) Magistrate Judge Patti denied the motion, finding that even if

King had proposed alternative living situations, the Court still would have revoked her bond and stood by that decision. (ECF No. 25 at Pg ID 94.)

## Applicable Law and Analysis

Release or detention pending sentencing is governed by 18 U.S.C. § 3143. The statute creates a presumption that the defendant will be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .." 18 U.S.C. § 3143(a)(1). This is because "[o]nce guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilt has been established beyond a reasonable doubt, is presumably correct in law." *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988) (internal quotation marks and citation omitted). The defendant bears the burden of overcoming the presumption of detention. *Id.* at 169.

The Defendant claims that the conditions at the Livingston County Jail are poor and requests release on bond prior to sentencing to spend time with her family and put her affairs in order. (ECF No. 34 at Pg ID 122.) Defendant proposes, similar to her contention in the amended motion for reconsideration (ECF No. 22), that she will reside with either her father or her grandmother with their restrictions on using electronic devices. (*Id*. at Pg ID 119-20.) The Government responds that

3

King "has made no credible showing . . . that conditions of release, even if stringent, would be sufficient to protect the community." (ECF No. 36 at Pg ID 130.) Upon full review of the record and after hearing the parties' arguments at the bond hearing on March 2, 2022, the Court finds that the Defendant has not satisfied her burden of overcoming the presumption of detention. The Court is not persuaded that Defendant is not likely to pose a financial danger to individuals in the community.

Accordingly,

**IT IS ORDERED** that Defendant's motion for bond (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 2, 2022